IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARK PERALES, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.             No. 5:19-cv-1178

**LET'S SHAKE, LLC, and**     **DEFENDANTS**
**SSCP MANAGEMENT, INC.**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Mark Perales ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Let's Shake, LLC, and SSCP Management, Inc. ("Defendants"), he does hereby state and allege as follows:

### I.    INTRODUCTION

1. This is a collective action brought by Plaintiff, individually and on behalf of all hourly employees of Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiff and other hourly employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Plaintiff further seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs and a reasonable attorney's fee, within the applicable statutory limitations period as a result of Defendants' failure to pay proper overtime compensation under the FLSA.

4. The nature of the violation herein is what wage attorneys refer to as a "regular rate violation" in that Defendants paid a series of expected, repeating bonus payments, but Defendants did not include the bonus amounts in the calculation of the regular, hourly rate for the purposes of calculating proper overtime payments to Plaintiff and the collective members.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.   JURISDICTION AND VENUE

6. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7. Defendants operate multiple franchise business locations within the State of Texas.

8. Defendants do business and have multiple employees in the San Antonio metro area, which is located in the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

9. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff is a resident of Bexar County and is domiciled in the State of Texas.

11. Plaintiff worked for Defendants and/or Defendants' predecessor companies from June or July of 2015 to June or July of 2019.

12. Plaintiff began employment with Defendants as a cook and was promoted to associate manager during this tenure with Defendants.

13. Plaintiff was an hourly, non-exempt employee for Defendants' Sonic Drive-In (Store No. 5676).

14. Defendant Let's Shake, LLC ("Defendant Let's Shake") is a domestic limited liability company with a principal address of 13355 Noel Road, Suite 1645, Dallas, Texas 75240.

15. Defendant Let's Shake's registered agent for service of process is Cheryl Green, 13355 Noel Road, Suite 1645, Dallas, Texas 75240.

16. Defendant SSCP Management, Inc. ("Defendant SSCP") is a domestic for-profit corporation with a principal address of 13355 Noel Road, Suite 1645, Dallas, Texas 75240.

17. Defendant SSCP's registered agent for service of process is Cheryl Green, 13355 Noel Road, Suite 1645, Dallas, Texas 75240.

18. Defendant Let's Shake is owned and controlled by Defendant SSCP.

19. Defendant SSCP currently owns and operates 76 Applebee's, 47 Sonic Drive-Ins, the 15-unit fine dining concept Roy's, and owns and operates various shopping centers, apartment buildings, and other real estate holdings.

20. Defendant SSCP operates a website at the following address: http://sscpmanagement.com.

21. At all times relevant hereto, Defendant SSCP had the power to hire and fire employees of Defendant Let's Shake and supervised and set wages and wage policies for Defendant Let's Shake employees.

22. Defendant SSCP advertised for employees for Defendant Let's Shake on its corporate website, instructing prospective employees for Sonic stores to email recruiting@sscpmanagement.com.

23. Defendants are an "employer" within the meaning set forth in the FLSA, and, at all times relevant to the allegations in this Complaint, the employer of Plaintiff and other similarly situated hourly employees.

24. Defendants Let's Shake and SSCP operate as joint employers, and each had the power to hire and fire Plaintiff, supervised Plaintiff's work, and determine Plaintiff's work schedules, duties and tasks, and made decisions regarding Plaintiff's pay, or lack thereof.

25. Defendants acted jointly as the employers of Plaintiffs and the proposed collective and are and have been engaged in interstate commerce as that term is defined under the FLSA.

26. Defendants have operated as a single joint enterprise with unified operational control and management, as well as control over employees, including power

to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified control and management.

27. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

28. Upon reasonable information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

29. Defendants were at all times relevant hereto Plaintiff's employer and has been engaged in interstate commerce as that term is defined under the FLSA.

## IV.   FACTUAL ALLEGATIONS

30. Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

31. Within the time period relevant to this case, Plaintiff worked for Defendants at a Sonic Drive-In location in San Antonio.

32. Plaintiff's primary duties consisted of supervising a shift at the Sonic location, making sure other employees showed up for work, counting the safe, making bank deposits, and assisting with cooking and delivering food to customers, as needed.

33. Plaintiff worked more than forty (40) hours per week in at least one pay period while working for Defendants.

34. For the time relevant to this case, Plaintiff was classified by Defendants as a non-exempt hourly employee.

35. Defendants paid Plaintiff an hourly rate, plus a monthly bonus when the store reaches monthly sales goals.

36. Defendants knew, or showed reckless disregard for whether, the way they paid, and failed to pay, Plaintiff violated the FLSA.

37. Plaintiff routinely used handled food products and used office equipment such as telephones and computers. Thus, he used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

### V.   REPRESENTATIVE ACTION ALLEGATIONS

38. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

39. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who are similarly situated to Plaintiff.

40. Defendants employed hourly workers, including Plaintiff, who performed duties related to its running restaurants.

41. The proposed FLSA class members are similarly situated in that they have been subject to uniform policies and practices by Defendants that violated the FLSA.

42. Defendants paid hourly workers an overtime premium that was based only on the workers' base hourly rates, and the premium was unlawfully low because it did not include the bonus payments in the formula.

43. Defendants did not pay hourly workers one and one-half times their regular rate for the time that hourly workers worked in excess of forty hours per week in violation of Section 778.208 of Title 29 of the Code of Federal Regulations.

44. The pay practices that violate the FLSA alleged herein were the same at all of Defendants' U.S. locations because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters in Dallas.

45. At all relevant times herein, Defendants have deprived Plaintiff and all others similarly situated of a proper overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

46. Plaintiff brings this FLSA claim on behalf of all other hourly workers who received non-discretionary bonuses and who were employed by Defendants at any time within the three years preceding the filing of the Original Complaint, and were not paid one-and-one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

47. The proposed class is preliminarily defined as follows:

**All hourly employees who received bonuses and worked overtime during the three years preceding the filing of the Original Complaint.**

48. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A.    They were all hourly employees;

    B.    They received bonuses; and

    C.    They were subject to Defendant's common practice of not paying a lawful overtime premium for all hours worked over forty (40) hours per work week as described in this Complaint.

49. The employment relationships between Defendants and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues do not vary substantially among the proposed FLSA Collective members.

50. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 80 persons.

51. Defendants can readily identify the members of the Section 16(b) Collective contemplated by this Complaint, including their names, physical addresses, electronic mailing addresses, and telephone numbers.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violations of the FLSA)

52. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

53. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

54. Defendants failed to pay Plaintiff for all overtime wages required under the FLSA.

55. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants did not pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours in each one-week period.

56. Defendants willfully and intentionally failed to pay overtime wages to Plaintiff for all periods of time he worked for the past three years.

57. At all relevant times, Defendants have been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

59. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

60. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

61. Plaintiff brings this action on behalf of all other individuals who were subject to the same pay policy as Plaintiff while employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

62. Plaintiff brings this action on behalf of himself and all other hourly employees who received bonus payments, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

63. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

64. In the past three years, Defendants have employed hundreds of hourly workers across the state of Texas.

65. Defendants failed to pay these workers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

66. Defendants' conduct and practices, as described above, have been and continue to be willful, intentional, unreasonable, arbitrary and in bad faith.

67. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

68. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Mark Perales, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendants be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff, the collective action members, and the Court, for all of the hours worked by them and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. For an order entering judgment in favor of Plaintiff and the proposed class members against Defendants for their actual economic damages in an amount to be determined at trial;

F. Judgment for damages suffered by Plaintiff and all others similarly situated during the applicable statutory period for unpaid overtime wages under 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

G. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and all others similarly situated during the applicable statutory period;

H. For a reasonable attorney's fee, costs and pre-judgment interest; and

I. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MARK PERALES, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com